ORIGINAL

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/19/24

**MEMORANDUM ENDORSEMENT**

<u>Frontier Airlines, Inc. v. AMCK Aviation Holdings Ireland Limited et al.</u>,
20 Civ. 9713 (LLS)

On June 14, 2024, this Court held that defendants AMCK Aviation Holdings Ireland Limited ("AMCK"), Accipiter Investments 4 Limited ("Accipiter"), and Vermillion Aviation (Two) Limited ("Vermillion") breached their Framework Agreement with plaintiff Frontier Airlines, Inc. ("Frontier") and were liable for all losses, fees, costs, and expenses, including attorneys' fees (Dkt. No. 170). Plaintiff's attorneys now move for attorneys' fees and costs pursuant to provisions in the parties' contracts (Dkt. No. 177). That motion is granted.

Although in this country attorneys' fees are typically not recoverable, "parties may agree by contract to permit recovery of attorneys' fees, and a federal court will enforce contractual rights to attorneys' fees if the contract is valid under applicable state law." <u>U.S. Fid. & Guar. Co. v. Braspetro Oil Servs. Co.</u>, 369 F.3d 34, 74 (2d Cir. 2004) (internal quotations and citations omitted). "Under New York law, a contract that provides for an award of reasonable attorneys' fees to the prevailing party in an action to enforce the contract is enforceable if the contractual language is sufficiently clear."

1

<u>NetJets Aviation, Inc. v. LHC Commc'ns, LLC</u>, 537 F.3d 168, 175 (2d Cir. 2008).

Though this case involves breach of the Framework Agreement specifically, that termination was predicated on breaches of other interrelated contracts pertaining to the sale and leaseback of numerous aircraft. For each aircraft, the parties executed lease agreements, trust agreements, and guaranty agreements. The aircraft at issue were guaranteed by Vermillion (MSN 10038 Lease), Accipiter (Original Leases), or Accipiter Holdings, DAC (Original Leases), which is the parent company of Accipiter. The guaranty agreements required those parties to ensure unconditional performance of the leases, and each guaranty agreement included the following provision:

> **2.2 Expenses.** Guarantor agrees to be liable for the payment of all reasonable fees and expenses, including attorney's fees, incurred by Lessee in connection with the enforcement of this Guaranty.

<u>See, e.g.</u>, MSN 10038 Guaranty Agreement (Dkt. No. 116, Ex. 12). This clearly contemplates the payment of attorneys' fees and costs.

Frontier's requested attorneys' fees are reasonable, and, notably, defendants do not challenge the amount in question. Frontier seeks $1,997,575.10 in fees for 3,949.1 hours of work by Lane Powell PC and $36,249.50 in fees for 58.6 hours of work by Binder & Schwartz LLP. Those rates reflect the actual costs

2

incurred by Frontier over the course of nearly four years of litigation and are reasonable. Danaher Corp. v. Travelers Indem. Co., 2014 WL 4898754, at *2 (S.D.N.Y. Sept. 30, 2014) ("[T]he amount actually paid to counsel by paying clients is compelling evidence of a reasonable market rate."). They also comport with prevailing market rates in the Southern District of New York and are appropriate given the time and experience required to handle a multi-year matter concerning millions of dollars, valuable business relationships, a complex structure of contracts, a global pandemic, and a nearly two-week bench trial.

Frontier's costs and expenses are also reasonable, and the amount is similarly uncontested by the defendants. Frontier seeks $240,300.49 for costs and expenses related to travel, depositions, and trial transcripts, as well as $307,602.41 for expert witness costs and expenses. Those comport with amounts typically awarded in this district. See, e.g., Austrian Airlines Oesterreichische Luftverkehrs AG v. UT Fin. Corp., 2008 WL 4833025, at *1, 9 (S.D.N.Y. Nov. 3, 2008) (approving $568,148 in expert and consultant fees in a case involving more than $47.9 million in alleged damages).

Frontier's request for an additional $10,102.35 in fees and expenses related to the instant motion is denied. In the Second Circuit, parties are typically not entitled to recover fees

3

incurred in connection with seeking fees - even where a contract expressly allows for the recovery of legal fees - unless the contract specifically allows for it. See F.H. Krear & Co. v. Nineteen Named Trustees, 810 F.2d 1250, 1266 (2d Cir. 1987) ("[A] general contract provision for the shifting of attorneys' fees does not authorize an award of fees for time spent in seeking the fees themselves."); Thor 725 8th Ave. LLC v. Goonetilleke, 675 F. App'x 31, 35 (2d Cir. 2017) (holding that "there is no basis for disturbing F.H. Krear" and "[t]he district court correctly denied [plaintiff's] request for 'fees on fees'"); Flatiron Acquisition Vehicle, LLC v. CSE Mortg. LLC, 2022 WL 413229, at *11 (S.D.N.Y. Feb. 9, 2022) (rejecting application for the "cost of litigating amount of fees" absent "specific language" in the contract).

Frontier is entitled to $2,581,727.50 in attorneys' fees and costs. The Clerk is directed to issue a supplemental judgment and close the case.

So ordered.

Dated:   New York, New York
         August 19, 2024

                                    _Louis L. Stanton_
                                    LOUIS L. STANTON
                                         U.S.D.J.

4

**MEMO ENDORSED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRONTIER AIRLINES, INC.  Case No.: 1:20-cv-09713-LLS

Plaintiff,

v.

AMCK AVIATION HOLDINGS IRELAND
LIMITED, ACCIPITER INVESTMENT 4
LIMITED, VERMILLION AVIATION
(TWO) LIMITED, WELLS FARGO TRUST
COMPANY, N.A., solely in its capacity as
OWNER TRUSTEE, and UMB BANK,
N.A., solely in its capacity as OWNER
TRUSTEE,

Defendants.

### PLAINTIFF FRONTIER AIRLINES, INC.'S NOTICE OF MOTION FOR ATTORNEY'S FEES, COSTS, AND EXPENSES

**PLEASE TAKE NOTICE** that, pursuant to the Court's June 14, 2024, Order (Dkt. 170) and June 17, 2024, Judgment (Dkt. 171) finding Defendants AMCK Aviation Holdings Ireland Limited, Accipiter Investment 4 Limited, and Vermillion Aviation (Two) Limited (collectively, Defendants) "liable to Frontier for all losses, fees, costs, and expenses – including attorneys' fees – under the Original Leases and the Framework Agreement," Plaintiff Frontier Airlines, Inc. (Frontier) hereby moves this Court before the Honorable Louis L. Stanton, United States District Judge, at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, Courtroom 21C, New York, New York 10007, on a date and time to be determined by the Court, for an order granting Frontier's motion for attorney's fees and costs, which combined total $2,581.727.09, ordering Defendants to pay Frontier this amount, and for such other relief as this Court may deem just and proper.

022510.0155/9791222.1

**PLEASE TAKE FURTHER NOTICE** that additional fees and costs incurred in connection with prosecuting this application or responding to any post-trial filings made by Defendants shall be sought in a supplemental filing.

**PLEASE TAKE FURTHER NOTICE** that, in support of its motion, Frontier will rely on the brief and the supporting Declaration of David G. Hosenpud, including exhibits, all of which are being electronically filed on this date.

DATED: July 1, 2024

                              **LANE POWELL PC**

                              By: s/ David G. Hosenpud
                                David G. Hosenpud (*pro hac vice*)
                                601 SW Second Avenue, Suite 2100
                                Portland, Oregon 97204-3158
                                Telephone No.: 503.778.2100
                                Facsimile No.: 503.778.2200
                                E-mail: hosenpudd@lanepowell.com

                                Aaron Schaer, (*pro hac vice*)
                                1420 Fifth Avenue, Suite 4200
                                P.O. Box 91302
                                Seattle, WA 98111-9402
                                Telephone: 206.223.7103
                                Facsimile: 206.223.7107
                                E-mail: schaera@lanepowell.com

                                -and-

                              **BINDER & SCHWARTZ LLP**
                                Neil S. Binder
                                675 Third Avenue, 26th Floor
                                New York, New York 10017
                                Telephone No.: 212.510.7008
                                Facsimile No.: 212.510.7299
                                E-mail: nbinder@binderschwartz.com

                              *Attorneys for Plaintiff, Frontier Airlines, Inc.*

022510.0155/9791222.1